# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BRENDA BARRON, and** ) | |
| **JENNIFER LOGE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| **JESSE RUIZ, JR., an individual,** ) | |
| **SECOND MORNING** ) | |
| **EXPRESS, LLC., a foreign** ) | |
| **corporation, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

Pursuant to 28 USC §§ 1332, 1441, and 1446, Second Morning Express, LLC ("Defendant") hereby files this Notice of Removal to remove this civil action from the Circuit Court of Jefferson County, Alabama, where it was filed, to the United States District Court for the Northern District of Alabama, Southern Division. In support thereof, Defendant states as follows:

## INTRODUCTION

Brenda Barron and Jennifer Loge ("Plaintiffs") filed this action against Second Morning Express, LLC, Jesse Ruiz, Jr., and Fictitious Defendants numbers 1-19 alleging various personal injury counts arising out of a motor vehicle accident which occurred in Jefferson County, Alabama. Plaintiffs alleges that the individual

Defendant, Jesse Ruiz, Jr., was acting in the line and scope of his employment at the time of the accident for his employer, Defendant Second Morning Express, LLC.

As demonstrated below, this Court has jurisdiction pursuant to 28 USC § 1332 because there is complete diversity of citizenship between the Plaintiffs and Defendants and the amount in controversy exceeds the sum of $75,000.00 for each plaintiff, exclusive of interest and costs.

## STATEMENT OF REMOVAL

1. On or about May 26, 2022, Plaintiffs filed a Complaint in the Circuit Court of Jefferson County, Alabama docketed as Civil Action Number CV-2022-901539.

2. On June 7, 2022, Second Morning Express, LLC was served for the first time with a Summons and a copy of the Complaint. Jess Ruiz, Jr. was served for the first time with a Summons and a copy of the Complaint on June 7, 2022. Pursuant to 28 USC § 1446 (a), true and correct copies of all process, pleadings, and other documents served upon Defendants are attached hereto as Exhibit "A." Exhibit A contains all contents of the state court file.

## DIVERSITY OF CITIZENSHIP

3. Plaintiff, Brenda Barron, is an adult resident of Montgomery, Montgomery County, Alabama. See Complaint ¶ 1 (contained in Exhibit A hereto).

Plaintiff, Jennifer Loge, is an adult resident of Springville, St. Clair County, Alabama. See Complaint ¶ 2. Accordingly, Brenda Barron and Jennifer Loge are both citizens of the State of Alabama.

4. Defendant, Jesse Ruiz, Jr., is an adult resident of Mission, Hidalgo County, Texas. See Complaint ¶ 3. Accordingly, Jesse Ruiz, Jr. is a citizen of the State of Texas.

5. Defendant, Second Morning Express, LLC has its principle place of business in Mission City, Texas and is a limited liability company organized under the laws of the State of Texas. Accordingly, Second Morning Express, LLC is a citizen of the State of Texas. See Complaint ¶ 4.

6. The citizenship of Fictitious Defendants 1-19 is disregarded for purposes of diversity jurisdiction. See 28 USC § 1441 (b) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.").

7. Because Plaintiffs and Defendants are citizens of different states, there is complete diversity of citizenship pursuant to § 1332 (a)(1). On the one hand, Barron and Loge are citizens of the State of Alabama, whereas on the other hand, Second Morning Express, LLC and Ruiz are citizens of the State of Texas.

**AMOUNT IN CONTROVERSY**

8. Where, as here, a plaintiff makes "an unspecified demand for damages

3

in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the...jurisdictional requirement. Roe v. Michelin N. Am., Inc., 613 F. 3d 1058, 1061 (11th Cir. 2010)(quoting Tapscott v. MS Dealer Service Corp., 77 F. 3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F. 3d 1069 (11th Cir. 2000)); Pretka v. Kolter City Plaza, Inc. 608 F. 3d 744, 752 (11th Cir. 2010). The 11th Circuit has made clear that "[t]he plaintiffs' likelihood of success on the merits is largely irrelevant to the Court's jurisdiction because a pertinent question is what is in controversy in the case, not how much the plaintiffs are likely to recover." Id. at 751 (internal quotation marks and citations omitted). Moreover, in determining the amount in controversy:

> 11th Circuit precedent permits District Courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a District Court need not "suspend reality or shelve common sense in determining whether the face of a complaint...establishes the jurisdictional amount." Instead, Courts may use their judicial experience and common sense in determining whether a case stated in a complaint meets federal jurisdictional requirements.

Roe, 613 F. 3d at 1061 (internal citations omitted).

9. To ascertain the amount in controversy, the Court considers the Notice

4

of Removal and all of the evidence presented by the Defendants which can include both documents received from the Plaintiffs and the Defendants' own evidence. Pretka, 608 F. 3d at 755-56. The Pretka Court further recognized that "[t]he substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation - provided of course that removal is procedurally proper." Id. at 755.

10. The 11th Circuit has also held that "in determining the jurisdictional amount in controversy in diversity case, punitive damages must be considered...unless it is apparent to a legal certainty that such cannot be recovered." Blackwell v. Great Am. Fin. Res., Inc., 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009)(quoting Holley Equip. Co. v. Credit Alliance Corp., 821 F. 2d 1531, 1535 (11th Cir. 1987).

11. In this case, Plaintiffs' Complaint makes an unspecified demand for damages, but the averments in the Complaint (if true), judicial experience, and common sense dictate that the amount in controversy in this case exceeds $75,000.00 for each plaintiff. From a factual standpoint, Plaintiffs allege that Defendant Ruiz, while acting in the line and scope of his employment, was operating a Kenworth truck tractor, owned and controlled by Second Morning Express, LLC, when he hit

the Plaintiffs' vehicle while traveling on Interstate 59, said Plaintiffs' vehicle being driven by Brenda Barron with Jennifer Loge being a passenger therein. (Complaint ¶s 7-8). Significantly, Plaintiffs go on to allege

> Defendant Ruiz breached the duties of care owed to Plaintiffs on June 7, 2021, as follows:
>
> a)  Negligently failing to operate his vehicle in a safe a reasonable manner;
>
> b)  Negligently failing to ascertain if it was safe to do so before merging into another lane of travel.
>
> c)  Negligently failing to operate his vehicle with regard for the safety of all persons using the highways;
>
> d)  Negligently failing to keep a proper lookout; and
>
> e)  Negligently failing to abide by the Alabama Rules of the Road.

(Complaint ¶ 16).

As for injuries and damages, Plaintiffs aver as follows:

17. As a proximate consequence of the negligence of Defendant Ruiz and/or Fictitious Defendant(s), Plaintiff BARRON was injured and damaged as follows:

> a)  Pain and injury to various portions of her body, including but not limited to significant pain in her neck and back.
>
> b)  Past and future Pain and suffering;
>
> c)  Past and future Medical bills, costs and expenses;

      d)    Out-of- pocket medical costs and expenses;
      e)    Anxiety, mental anguish, and emotional distress; and

      f)    Lost wages and/or loss of income.

(Complaint ¶ 17).

Additionally, the following is asserted with respect to Jennifer Loge:

18. As a proximate consequence of the negligence of Defendant Ruiz and/or Fictitious Defendant(s), Plaintiff LOGE was injured and damaged as follows:

    a) Pain and injury to various portions of her body, including, but not limited to, significant pain in her head chest, back and neck.

    b) Past and future pain and suffering.

    c) Past and future medical costs and expenses;

    d) Out-of-pocket medical expenses and costs;

    e) Property damage and loss;

    f) Anxiety, mental anguish, and emotional distress; and

    g) Lost wages and/or loss of income.

(Complaint ¶ 18)

All of these past and present claims of injury and damages purportedly arise out of the motor vehicle accident in this case. Id. Plaintiffs also contend that

Defendant Ruiz violated the rules of the road codified at Alabama Code Section 32-5A-88 and 32-5A-133. (Complaint ¶ 23).  Plaintiffs further claim that Defendant Ruiz was wanton and reckless (Complaint ¶ 28-32), and moreover that Second Morning Express negligently and wantonly hired, trained and supervised Ruiz.

In addition to the compensatory damages sought, Plaintiffs seek punitive damages based on Defendant Ruiz's alleged wanton conduct and based on Second Morning Express' alleged wanton hiring, training, and supervision of Ruiz, Plaintiffs seek to effectively punish and deter such conduct. The specific punitive allegations are particularly significant because Plaintiffs allege that Ruiz operated a Kenworth tractor truck in a wanton matter, which in effect is in a manner which is reckless and known by Ruiz that said conduct will likely result in injury and damages.  It is also stated that Ruiz was wantonly hired, trained and supervised by Second Morning Express, which, in effect, means that Second Morning Express hired, trained, and supervised Ruiz in a manner from which Second Morning Express knew that injury or damages likely would result.  The foregoing makes the prospect of a punitive damages award alone in excess of $75,000.00 a reasonable estimation. That is in addition to Plaintiffs' claims of damages of pain and suffering including, but not limited to, significant pain in their heads, chests, backs, and necks; past and future pain and suffering; past and future medical costs and expense; out-of-pocket medical

expenses and costs; property damage and loss; anxiety, mental anguish, and emotional distress; and lost wages and/or loss of income. Given this, the amount in controversy for each plaintiff clearly exceeds $75,000.00 exclusive of interest and costs.

12. The Complaint's failure to disclaim entitlement to more than $74,999.99 further supports the fact that more than $75,000.00 is "in controversy." See Jones v. Novartis Pharm. Co., 952 F. Supp. 2d 1277, 1286 (N.D. Ala. 2013).

13. In sum, based on the nature of the Complaint's allegations, the type of injuries and future necessary treatment, allegations of pain and suffering, the alleged egregious conduct, the clear potential of a punitive damages award, and each Plaintiffs' failure to disclaim an entitlement of more than $74,999.99, "judicial experience and common sense" dictate that it is more likely than not that the Complaint places more than $75,000.00 in controversy for each Plaintiff. Roe, 613 F. 3d at 1061.

**THE OTHER PREREQUISITES OF REMOVAL HAVE BEEN SATISFIED**

14. This Notice of Removal is timely filed pursuant to 28 USC § 1446 (b), as it is filed within thirty (30) days of Defendants' receipt of the Summons and Complaint through service of process, both defendants having been served for the first time with the Summons and Complaint on June 7, 2022. No answer or other

responsive pleading has been filed by any defendant in State Court.

15. Defendant Ruiz consents and concurs with this Notice of Removal and consent to this case being removed to federal court. (See Exhibit B). The undersigned also represents Defendant Ruiz in this action.

16. Removal of this action to the Northern District of Alabama is proper pursuant to 28 USC § 1446 (a) because this Court is the United States District Court for the district and division embracing the place where the State Court action is pending, and the alleged incident giving rise to this cause of action occurred in Jefferson County, Alabama. (See Complaint).

17. Pursuant to 28 USC § 1446 (d), a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be served on Plaintiffs' counsel, and filed with the Clerk of Court for the Circuit Court of Jefferson County, Alabama.

18. The allegations in this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Northern District of Alabama and this cause is removable to the same.

**WHEREFORE**, Defendant Second Morning Express, LLC desires to remove this case to the United States District Court for the Northern District of Alabama, Southern Division, being the district and division of said Court for the County in

which said action is pending, and prays that the filing of this Notice of Removal shall affect the removal of said action to this Court.

        Respectfully submitted,

        */s/Todd N. Hamilton*
        Todd N. Hamilton (asb-4319-m67t)
        thamilton@ssp-law.com

        */s/Jarrod B. Bazemore*
        Jarrod Bazemore (asb-7984-t46m)
        jbazemore@ssp-law.com
        *Attorneys for Defendant,*
        *Second Morning Express, LLC and*
        *Jesse Ruiz, Jr.*

**OF COUNSEL:**
**SMITH, SPIRES, PEDDY,**
**HAMILTON & COLEMAN P.C.**
3500 Colonnade Parkway
Suite 350
Birmingham, Alabama 35243

## CERTIFICATE OF SERVICE

     I hereby certify that I served the below attorneys associated with this case with the foregoing Notice of Removal via email on 5th day of July, 2022.

John Paull Bruno
Morgan & Morgan Birmingham, PLLC
2317 3rd Avenue North
Suite 102
Birmingham, Alabama 35203

        *Jarrod B. Bazemore*
        Of Counsel