FILED

2022 Jul-05  PM 04:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# A

DOCUMENT 2



ELECTRONICALLY FILED
5/26/2022 11:03 AM
01-CV-2022-901539.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

**BIRMINGHAM DIVISION**

|  |  |  |
|---|---|---|
| **BRENDA BARRON**, and | ) | *JURY TRIAL REQUESTED* |
| **JENNIFER LOGE** | ) | |
|  | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | **CIRCUIT CIVIL CASE NO.:** |
|  | ) | **CV** |
| **JESSE RUIZ, JR.**, an individual; | ) | |
| **SECOND MORNING EXPRESS, LLC,** | ) | |
| a foreign corporation; and | ) | |

**[FICTITIOUS PARTY DEFENDANTS: NO. 1,** whether singular or plural, the driver of the motor vehicle which collided with Plaintiffs' vehicle and whose negligence caused the Plaintiffs' injuries on the occasion made the basis of this suit; **NO. 2,** whether singular or plural, the owner of the motor vehicle which collided with Plaintiffs' vehicle on the occasion made the basis of this suit; **NO. 3,** whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle which collided with Plaintiffs' vehicle on the occasion made the basis of this suit; **NO. 4,** whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **NO. 5,** whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **NO. 6,** whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **NO. 7,** whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **NO. 8,** whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **NO. 9,** whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiffs' vehicle was performing some type of service or employment duty at the time of this collision; **NO. 10,** whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **NO. 11,** whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **NO. 12,** whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **NO. 13,** whether singular or plural, that entity or those entities who or

which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **NO. 14,** whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **NO. 15,** whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiffs on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **NO. 16,** whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **NO. 17,** whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **NO. 18,** whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; **NO. 19,** whether singular or plural, is any Estate opened, or to be opened, on behalf of Defendant JESSE RUIZ, Jr., which may be responsible for any debts on behalf of JESSE RUIZ, Jr., if deceased.

Plaintiffs aver that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiffs at this time, or if their names are known to Plaintiffs at this time their identities as proper party Defendants are not known to Plaintiffs at this time, but their true names will be substituted by amendment when ascertained]

**Defendants.**

## COMPLAINT

## PARTIES

1.      Plaintiff BRENDA BARRON (Hereinafter "Plaintiff Barron") is an individual over the age of nineteen (19) years and, at all times relevant hereto, was and is a resident of Montgomery, Montgomery County, Alabama.

2.      Plaintiff JENNIFER LOGE (Hereinafter "Plaintiff Loge") is an individual over the age of nineteen (19) years and, at all times relevant hereto, was and is a resident of Springville, St. Clair County, Alabama.

3.      Defendant JESSE RUIZ, JR. (Hereinafter "Defendant Ruiz") is an individual over the age of nineteen (19) years and, upon information and belief, at all times relevant hereto, was and is a resident of Mission, Hidalgo County, Texas.

4.      Defendant SECOND MORNING EXPRESS, LLC (Hereinafter "Defendant Second Morning Express") is, upon information and belief, a foreign corporation with its principal places of business located in Mission, Texas. Upon further information and belief, Defendant Ruiz was the agent, servant, or employee of Defendant Second Morning Express and was acting within the line and scope of his agency, service and/or employment in Jefferson County, Alabama on June 7, 2021, such that Defendant Second Morning Express is vicariously liable for the negligent, reckless, wanton or otherwise wrongful conduct of Defendant Ruiz.

5.      Fictitious Defendants one (1) through nineteen (19), whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiffs, as described in the caption of Plaintiffs' Complaint, all of whose true and correct names are unknown to the Plaintiffs at this time but will be substituted by amendment when ascertained.

## FACTUAL ALLEGATIONS

6.      Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forth fully herein.

7.      At or around 3:25 PM on June 7, 2021, Plaintiff Barron was operating a 2012 Lexus ES350 northbound in the outside lane of I-59, between Trussville Clay Road and Cahaba River Bridge, in Rural Jefferson, Jefferson County, Alabama. Plaintiff Loge was a passenger in the vehicle being operated by Plaintiff Barron.

DOCUMENT 2

8.      Simultaneously, Defendant Ruiz was operating a 1997 Kenworth Truck Tractor northbound in the inside lane of I-59, between Trussville Clay Road and Cahaba River Bridge, traveling beside Plaintiffs' vehicle in Rural Jefferson, Jefferson County, Alabama.

9.      As Plaintiff Barron was lawfully traveling straight in the outside lane of I-59, Defendant Ruiz, for reasons unknown, merged into the outside lane of travel forcefully colliding with the back driver's side Plaintiffs' vehicle, causing it to lose control and crash into the front of Defendant's tractor trailer.

10.     Upon information and belief, the tractor trailer operated by Defendant Ruiz at the above-stated date and time was owned by Defendant Second Morning Express.

11.     Upon information and belief, on the aforesaid date and time, Defendant Ruiz was operating this tractor trailer while performing services in the line and scope of his agency, service, or employment with Defendant Second Morning Express and/or one or more Fictitious Party Defendant(s).

12.     The impact and collision, caused solely by Defendant Ruiz, resulted in serious physical injuries to Plaintiffs.  Additionally, Plaintiffs incurred pain and suffering; medical costs and expenses; out-of-pocket costs and expenses; mental anguish and emotional distress. The injuries sustained by Plaintiffs have required, and will continue to require, medical treatment and care in an attempt to manage Plaintiffs' pain, discomfort, and mental anguish related to the events set out in this Complaint.

## COUNT ONE - NEGLIGENCE

13.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forth fully herein.

14.     On June 7, 2021, in Rural Jefferson, Jefferson County, Alabama, Defendant Ruiz

4

DOCUMENT 2

negligently operated his tractor trailer, resulting in the crash made the basis of this lawsuit.

15.    At all times relevant hereto, Defendant Ruiz owed the motoring public, including

Plaintiffs, certain duties of care, including, but not limited to:

    a)    The duty to operate his motor vehicle in a safe and reasonable manner;

    b)    The duty to ascertain if merging from one lane of travel to another lane of

travel can be done safely;

    c)    The duty to operate his vehicle with regard for the safety of all persons using the highways;

    d)    The duty to keep a proper lookout for other vehicles; and

    e)    The duty to obey the Alabama Rules of the Road.

16.    Defendant Ruiz breached the duties of care owed to Plaintiffs on June 7, 2021, as

follows:

    a)    Negligently failing to operate his vehicle in a safe a reasonable manner;

    b)    Negligently failing to ascertain if it was safe to do so before merging into another lane of travel.

    c)    Negligently failing to operate his vehicle with regard for the safety of all persons using the highways;

    d)    Negligently failing to keep a proper lookout; and

    e)    Negligently failing to abide by the Alabama Rules of the Road.

17.    As a proximate consequence of the negligence of Defendant Ruiz and/or Fictitious

Defendant(s), Plaintiff BARRON was injured and damaged as follows:

    a)    Pain and injury to various portions of her body, including but not limited to, significant pain in her neck and back.

    b)    Past and future Pain and suffering;

    c)    Past and future Medical bills, costs and expenses;

    d)    Out-of- pocket medical costs and expenses;

      e)     Anxiety, mental anguish, and emotional distress; and

      f)     Lost wages and/or loss of income.

18.     As a proximate consequence of the negligence of Defendant Ruiz and/or Fictitious Defendant(s), Plaintiff LOGE was injured and damaged as follows:

      a)  Pain and injury to various portions of her body, including, but not limited to, significant pain in her head, chest, back and neck.

      b)  Past and future pain and suffering;

      c)  Past and future medical costs and expenses;

      d)  Out-of-pocket medical expenses and costs;

      e)  Property damage and loss;

      f)  Anxiety, mental anguish, and emotional distress;  and

      g)  Lost wages and/or loss of income.

19.     At all times relevant hereto, Defendant Ruiz was an agent, servant and/or employee of Defendant Second Morning Express and/or one or more Fictitious Party Defendant(s) and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant Second Morning Express and/or one or more Fictitious Party Defendant(s) are vicariously liable for the negligent conduct of Defendant Ruiz.

20.     Defendant Ruiz's negligence combined and concurred with the negligence or otherwise wrongful conduct of all other named and/or Fictitious Defendant(s), causing Plaintiffs to be damaged and injured as a proximate consequence.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against all named and Fictitious Party Defendant(s), jointly and severally, for compensatory damages in an amount to be determined by a struck jury, plus interest and costs from the date of the injury.

DOCUMENT 2

## COUNT TWO – NEGLIGENCE *PER SE*

21.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forth fully herein.

22.     On or about June 7, 2021, in Rural Jefferson, Jefferson County, Alabama, Defendant Ruiz caused or allowed his tractor trailer to collide with Plaintiffs' vehicle.

23.     At the time of the collision made the basis of this lawsuit, Defendant Ruiz was operating his tractor trailer in violation of several of Alabama's statutory mandates, including, but not limited to, Alabama Code §§ 32-5A-88 and 32-5A-133.

24.     Defendant Ruiz's violation of the above-listed Alabama statutory mandates constitutes negligence *per se*, such that Defendant Ruiz is liable for Plaintiffs' injuries and damages as a matter of law.

25.     As a direct and proximate consequence of the negligence *per se* of Defendant Ruiz, Plaintiffs were injured and damaged as set forth in paragraphs seventeen (17) and eighteen (18) above and incorporated herein.

26.     Defendant Ruiz's negligence *per se* combined and concurred with the negligence or otherwise wrongful conduct of all other named and/or Fictitious Defendant(s), causing Plaintiffs to be damaged and injured as a proximate consequence.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against all named and Fictitious Party Defendant(s), jointly and severally, for compensatory damages in an amount to be determined by a struck jury, plus interest and costs from the date of the injury.

## COUNT THREE - WANTONNESS

27.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forth fully herein.

DOCUMENT 2

28.     At the aforesaid time and place, Defendant Ruiz recklessly and wantonly operated the 1997 Kenworth Truck Tractor owned by Defendant Second Morning Express, by failing to ascertain if moving from one lane to another could be done safely prior to moving vehicle; failing to keep a proper lookout; and failing to operate his tractor trailer with due regard for the safety of all persons using the highway, causing his tractor trailer to crash into Plaintiffs' vehicle.

29.     As a proximate consequence of the recklessness and wantonness of Defendant Ruiz and/or Fictitious Defendant(s), Plaintiffs were injured and damaged as set forth in paragraphs seventeen (17) and eighteen (18) above and incorporated herein.

30.     At all times relevant hereto, Defendant Ruiz was the agent, servant, or employee of Defendant Second Morning Express and/or one or more Fictitious Party Defendant(s) and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant Second Morning Express and/or one or more Fictitious Party Defendant(s) are vicariously liable for the negligent, reckless, wanton, and/or otherwise wrongful conduct of Defendant Ruiz.

31.     Defendant Ruiz's reckless and wanton conduct combined and concurred with the negligence, recklessness, wantonness, or otherwise wrongful conduct of all other named and/or Fictitious Defendant(s), causing Plaintiffs to be damaged and injured as a proximate consequence.

32.     Plaintiffs demand punitive damages of the named and Fictitious Defendant(s), jointly and severally, as a result of the reckless and wanton conduct described herein.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against all named and Fictitious Party Defendant(s), jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, plus interest and costs from the date of the injury.

8

DOCUMENT 2

### COUNT FOUR – NEGLIGENT HIRING, TRAINING SUPERVISION

33.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forth fully herein.

34.     Defendant Second Moring Express and/or one or more Fictitious Defendant(s) negligently and/or wantonly hired, trained, supervised, and retained its agents, servants, employees, and/or contractors, including, but not limited to, Defendant Ruiz.

35.     Further, Defendant Second Morning Express and/or one or more Fictitious Defendant(s) negligently and/or wantonly failed to adequately train, supervise and/or monitor the activities of its agents, servants, employees, and/or contractors, including, but not limited to, Defendant Ruiz and negligently and/or wantonly failed to detect or deter the negligent, wanton, or otherwise wrongful conduct undertaken by its agents, servants, employees and/or contractors, including, but not limited to, Defendant Ruiz.

36.     The negligence and/or wantonness of Defendant Second Morning Express and/or one or more Fictitious Defendant(s) combined and concurred with the negligence and/or wantonness of all other named and Fictitious Defendant(s), proximately causing Plaintiffs to be injured and damaged as set forth in paragraphs seventeen (17) and eighteen (18) above and incorporated herein.

37.     Plaintiffs demand punitive damages of the named and Fictitious Defendant(s), jointly and severally, as a result of the respective reckless and wanton conduct described herein.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against all named and Fictitious Party Defendant(s), jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, plus interest and costs from the date of the injury.

### COUNT FIVE- RESPONDEAT SUPERIOR AND AGENCY

38.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forth fully herein.

39.     On or about June 7, 2021, in Rural Jefferson, Jefferson County, Alabama, Defendant Ruiz negligently and/or wantonly caused or allowed the tractor trailer he was operating to collide with Plaintiffs' vehicle.

40.     Plaintiffs aver that Defendant Ruiz was the agent and/or servant and/or employee of Defendant Second Morning Express and/or one or more Fictitious Party Defendant(s) and was acting within the line and scope of such agency, service, or employment on the occasion made the basis of this lawsuit.

41.     Consequently, Defendant Second Morning Express and/or one or more of Fictitious Party Defendant(s) is/are liable for the negligent and/or reckless and/or wanton actions or failures to act committed by Defendant Right on the occasion made the basis of this lawsuit.

42.     As a proximate consequence of the negligence, recklessness, and/or wantonness of Defendant Second Morning Express and/or one or more Fictitious Party Defendant(s), by and through the theories of respondeat superior and agency, Plaintiffs were injured and damaged as set forth in paragraphs seventeen (17) and eighteen (18) above and incorporated herein.

43.     The negligent, reckless, wanton, or otherwise wrongful conduct of Defendant Ruiz combined and concurred with the negligence, recklessness, wantonness, or otherwise wrongful conduct of all other named and/or Fictitious Defendant(s), causing Plaintiffs to be injured and damaged as a proximate result.

44.     Plaintiffs demand punitive damages of the named and Fictitious Defendant(s), jointly and severally, as a result of the respective reckless and wanton conduct described herein.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against all

named and Fictitious Party Defendant(s), jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, plus interest and costs from the date of the injury.

<u>COUNT SIX- FICTITIOUS PARTIES</u>

45.      Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forth fully herein, except that Plaintiff substitutes the words "Fictitious Defendants 1-19" for the named Defendants in Counts One through Five.

46.      Plaintiffs aver the negligent, reckless, wanton, or otherwise wrongful conduct of Fictitious Defendants 1-19 combined and concurred with the negligent, reckless, wanton, or otherwise wrongful conduct of the named Defendants to proximately cause Plaintiffs' injuries and damages, as set forth and described in Counts One through Five above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demands judgment against all named and Fictitious Party Defendant(s), jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, plus interest and costs from the date of the injury.

<u>**JURY DEMAND**</u>

**PLAINTIFFS DEMANDS A TRIAL BY STRUCK JURY
ON ALL ISSUES IN THIS CAUSE.**

Respectfully submitted,

*/s/ John Paul Bruno*
John Paul Bruno (BRU036)
Attorney for Plaintiffs

<u>**OF COUNSEL:**</u>
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 3rd Avenue North, Suite 102

11

DOCUMENT 2

Birmingham, AL 35203
Telephone: (659) 204-6361
Facsimile: (659) 204-6386
Email: jbruno@forthepeople.com

Plaintiffs' Address:
c/o **Morgan & Morgan Birmingham, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
Telephone: (659) 204-6361
Facsimile: (659) 204-6386
Email: jbruno@fothepeople.com

## PLEASE SERVE THE FOLLOWING BY CERTIFIED MAIL RESTRICTED DELIVERY ADULT SIGNATURE REQUIRED

**Jesse Ruiz, Jr.**
**3401 North Mayberry Road, APT 1028**
**Mission, TX 78573**

**Second Morning Express, LLC**
**7824 North Moorefield Road**
**Mission, TX 78574**

DOCUMENT 4



ELECTRONICALLY FILED
5/26/2022 11:03 AM
01-CV-2022-901539.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **BRENDA BARRON,** an individual, and **JENNIFER LOGE,** an individual, | ) | *JURY TRIAL REQUESTED* |
| | ) | |
| **Plaintiffs,** | ) | **CASE ACTION NO.:** |
| | ) | |
| **v.** | ) | **CV_____** |
| | ) | |
| **JESSE RUIZ, JR.,** an individual; **SECOND MORNING EXPRESS, LLC,** an individual; and **FICTITIOUS DEFENDANTS 1-19;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**PLAINTIFFS' CONSOLIDATED DISCOVERY
REQUESTS TO DEFENDANT SECOND MORNING EXPRESS, LLC**

---

**COME NOW** Plaintiffs, BRENDA BARRON and JENNIFER LOGE, and hereby serve

the following First Requests for Admission, Interrogatories and Requests for Production to

Defendant, SECOND MORNING EXPRESS, LLC, to be answered in accordance with the *Alabama*

*Rules of Civil Procedure*:

**DEFINITIONS**

The following words, when used in these discovery requests, unless otherwise indicated,

shall mean:

A.      The terms "You" and "Your" refer to Defendant, Second Morning Express, LLC,
and to its present or former agents, attorneys, representatives and other persons who have acted or
purported to act on its behalf pursuant to contract or otherwise in any of the matters covered by
these interrogatories and request for production, whether or not it is contended that such entity or
person had authority to act on behalf thereof.

B.      The term "incident" refers to the June 7, 2021 motor vehicle incident that is the
basis of Plaintiffs' Complaint;

C.      "Communication" means any oral or written exchange of words, thoughts or ideas

DOCUMENT 4

with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, diary, log book, minutes, notes, study, survey and/or forecast.

   D. The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control. Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or other copies or different documents.

   E. "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

   F. "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer and job title.

   G. "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities.

   H. "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy.

   I. "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

DOCUMENT 4

J.      "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

K.      "Plaintiffs" shall refer to Brenda Barron and Jennifer Loge, and any present or former agents, attorneys, representatives and all other persons who have acted or purported to act on his behalf pursuant to contract or otherwise in any of the materials covered by these interrogatories and requests for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

L.      *PRIVILEGE LOG*: For each and every requested document that is claimed to be privileged: (i) identify the document by date, author, addressor and addressee; (ii) identify the person who presently has custody, control or possession of the original and all copies thereof; (iii) state specifically each and every ground on which the claim of privilege is based; (iv) identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## FIRST REQUESTS FOR ADMISSION

### *Please admit or deny the truthfulness of the following statements*:

1.      On June 7, 2021, Defendant Jesse Ruiz, Jr. (Hereinafter "Defendant Ruiz") was employed by Defendant Second Morning Express, LLC.

2.      On June 7, 2021, Defendant Ruiz was acting within the course and scope of his employment with Defendant Second Morning Express, LLC, when the subject incident on June 7, 2021, as described in the Complaint occurred.

3.      On June 7, 2021, Defendant Second Morning Express, LLC, owned or leased the subject vehicle operated by Defendant Ruiz that was involved in the subject incident on June 8, 2021, as described in Plaintiffs' Complaint.

4.      On June 7, 2021, Defendant Second Morning Express, LLC, controlled or had the right to control the subject vehicle operated by Defendant Ruiz which was involved in the subject incident on June 7, 2021, as described in Plaintiffs' Complaint.

5.      At the time of the subject accident on June 7, 2021, as described in the Complaint, Defendant Ruiz had the permission of Defendant Second Morning Express, LLC, to operate the subject vehicle that was involved in the subject incident on June 7, 2021.

6.      Defendant Second Morning Express, LLC, is vicariously responsible for any negligence of Defendant Ruiz for the subject incident as described in Plaintiffs' Complaint.

7.      Admit that Defendant Ruiz was negligent in the subject incident.

DOCUMENT 4

## INTERROGATORIES

1.     What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.     Has the person answering these Interrogatories ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

3.     Is your company name correctly stated in the style of the complaint? If not, what is the correct company name?

4.     Are you aware of any liability insurance coverage that may provide coverage for the damages sought by the Complaint including any and all umbrella or excess coverage policies? If so, what is the name of the insurance company having the coverage, what is the extent of coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage, and what is the policy number of each policy?

5.     Describe in detail how the incident happened, including all actions taken by Defendant Ruiz to prevent the accident.

6.     Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

7.     State the facts upon which you rely for each affirmative defense in your answer.

8.     Do you contend that any person or entity other than Defendant Ruiz is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based and whether or not you have notified each such person or entity of your contention.

9.     Was it determined by any investigating law enforcement officer that you or Defendant Ruiz violated any traffic law (including any regulations or ordinances) at the time of the subject incident? If so, what was the nature of the charge; the plea or answer, if any, entered to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

10.     List the names and addresses of all persons who are believed or known by you, your

agents or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

11.    Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement and indicate if and when a copy was given to the person giving the statement or anyone else.

12.    State the name and address of every person known to you, your agents or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13.    Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

14.    Describe your policy concerning drug/alcohol testing and your policies related to motor vehicle accidents and state if any test was done to determine if Defendant Ruiz consumed any alcoholic beverages, drugs or medications within 24 hours before the accident? If so, describe specifics, including but not limited to, the result along with any information you have concerning the type and amount (alcoholic beverages, drugs or medication) consumed and when and where it was consumed.

15.    Did the 2011 Toyota Rav 4 operated by Defendant Ruiz on June 7, 2021 have any defect that may have caused or contributed to the incident? If so, describe the nature of the defect and how it caused or contributed to the incident.

16.    Describe the make/model/year and identification number(s) of the vehicle operated by Defendant Ruiz on June 7, 2021 and also list the name and address of all persons, partnerships or entities who were registered title owners and/or had ownership interest or right to control the vehicle along with the nature of their ownership interest or right to control it.

17.    At the time of the incident, did Defendant Ruiz have permission to drive the vehicle made the basis of this suit? If so, state the names and addresses of all persons who gave such permission.

18.    At the time of the incident, was Defendant Ruiz engaged in any mission or activity for any other person or entity, including any employer? If so, state the name and address of that person or entity and the nature of the mission or activity.

19.    Describe the trip leading up to the incident including from where and at what time Defendant Ruiz left the point of origin and address thereof, the route taken, the time and location of any stops made, where Defendant Ruiz was going and for what purpose, and if anybody accompanied Defendant Ruiz at any point, and if so state who (relationship, if any, to you or the driver, their name and address), when and why they were in the vehicle, whether they had

DOCUMENT 4

permission to be in the vehicle at the time and if so, who gave them permission.

20.    Was the vehicle driven by Defendant Ruiz on June 7, 2021 damaged in the incident, and, if so, describe the nature and extent of the damage, what were the repairs and what was the cost to repair the damage?

21.    Please state whether you have ever made any investigation or inquiry concerning Defendant Ruiz's qualifications, driving record, criminal history and employment history. If so, please state the date of each such investigation or inquiry, the name, address, and employment position of the person or persons making each such inquiry, the nature of each such inquiry, and the substance of all information obtained by each such inquiry, including but not limited to a description of any information relating to prior employment and terminations there from, drug/alcohol use and test results, driving citations, motor vehicle accidents, and criminal history of the driver.

22.    Please state whether, to your knowledge, Defendant Ruiz has ever been involved in any accidents or incidents or committed any traffic infractions in the operation of any vehicles in the three (3) years preceding the date that Defendant Ruiz submitted an application for employment with your company up through the date of this response, including the incident at issue. If so, for each please describe the nature of the accident or incident, the date of each accident or incident, where it occurred, and who, if anyone, including Defendant Ruiz was an agent or employee of at the time, whether each resulted in any property damage and/or personal injuries, whether each resulted in any litigation or claims, and what, if any, disciplinary actions were taken against Defendant Ruiz (probation, suspension, termination, etc.).

23.    Did the vehicle driven by Defendant Ruiz on June 7, 2021 have any "black box", ECM/ECU, crash data recording system or any other type of data recording system, and if so, what was done with the information that was recorded on the day of the incident where is it now and what does it indicate?

24.    State whether you, your attorney, agents or anyone else to your knowledge is in possession of any photographs or videos of the scene, any of the vehicles, of any of the parties involved in the accident described in the Complaint. If so, please state the name and address and/or any other information for the location of the person(s) with knowledge and possession of the same and when it was obtained.

25.    Describe the type, model, make, serial number, phone number, name of account holder, and the name of the cellular and/or telecommunications carrier of all mobile communication devices, including but not limited to cell phones, owned or possessed by the driver, at the time of the accident and all communication devices, including CB and computers, that were in the tractor-trailer at the time of the accident; and indicate if Defendant Ruiz used any such device at or near the time of the incident, identifying the device used, when it was used in relation to the incident and with whom and about what Defendant Ruiz was communicating.

26.    Please state for the date of the incident when Defendant Ruiz began work, describe the number, type and length of any breaks that he took that day, and describe the work he did that day including a description of all of the driving trips he made prior to the incident, indicating

6

for each time Defendant Ruiz drove, where he left from and where he went, at what time, and the purpose of each trip.

27.   Please identify by name and address the corporate representative of Defendant Second Morning Express, LLC, with the most knowledge of the following items:

      (a)   The personnel file of the Defendant Ruiz;

      (b)   The hiring of the Defendant Ruiz by Defendant Second Morning Express, LLC, prior to the subject accident; and

      (c)   The training of the Defendant Ruiz by Defendant Second Morning Express, LLC, prior to the subject accident.

28.   Please identify by name and address the name of the person at Second Morning Express, LLC, who hired Defendant Ruiz and please provide the date that Defendant Ruiz was hired by Defendant Second Morning Express, LLC.

29.   Please describe the security maintained for the vehicle at the time of the subject incident and please describe if such security was maintained in the form of an insurance policy or by some other method.

## REQUESTS FOR PRODUCTION

1.   All statements made by any occupants of the vehicles involved in the subject incident.

2.   All statements made by any witnesses to the subject accident.

3.   All statements made by the Plaintiffs pertaining to or concerning the subject matter.

4.   All photographs of the vehicles involved in the subject accident.

5.   All photographs of the Plaintiffs depicting injuries received in the subject accident.

6.   All photographs of the subject incident scene.

7.   Any and all policies of liability insurance in effect on the date of the subject incident, providing coverage to Defendant Ruiz herein.

8.   Appraisals of all property damage sustained by the vehicle operated by Defendant Ruiz in the subject incident.

9.   Appraisals of the property damage sustained by Plaintiffs' vehicle in the subject incident.

DOCUMENT 4

     10.    A copy of any and all surveillance films, photos, or depictions taken of the Plaintiffs as a result of the subject incident.

     11.    A copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

     12.    A copy of Defendant Second Morning Express, LLC, policies and procedures in effect at the time of the incident at issue.

     13.    A copy of any employee handbooks given to employees who were employed with Defendant Second Morning Express, LLC, at the time of the incident.

     14.    Any other training documents not previously produced in response to Request numbers 12 and 13 above.

## JURY DEMAND

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY
ON ALL ISSUES IN THIS CAUSE.**

Respectfully submitted,

*/s/ John Paul Bruno*
John Paul Bruno (BRU036)
Attorney for Plaintiffs

**OF COUNSEL:**
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 3rd Avenue North, Suite 102
Birmingham, AL  35203
Telephone: (659) 204-6361
Facsimile: (659) 204-6386
Email: jbruno@forthepeople.com

Plaintiffs' Address:
c/o **Morgan & Morgan Birmingham, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203

8

DOCUMENT 4

Telephone: (659) 204-6361
Facsimile: (659) 204-6386
Email: jbruno@fothepeople.com

### PLEASE SERVE THE FOLLOWING BY CERTIFIED MAIL, RESTRICTED DELIVERY, ADULT SIGNATURE REQUIRED:

**Jesse Ruiz, Jr.**
**3401 North Mayberry Road, APT 1028**
**Mission, TX 78573**

**Second Morning Express, LLC**
**7824 North Moorefield Road**
**Mission, TX 78574**

DOCUMENT 3



ELECTRONICALLY FILED
5/26/2022 11:03 AM
01-CV-2022-901539.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **BRENDA BARRON,** an individual, and | ) | *JURY TRIAL REQUESTED* |
| **JENNIFER LOGE,** an individual, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CASE ACTION NO.:** |
| | ) | |
| v. | ) | CV_____ |
| | ) | |
| **JESSE RUIZ, JR.,** an individual; | ) | |
| **SECOND MORNING EXPRESS, LLC,** | ) | |
| and **FICTITIOUS DEFENDANTS 1-19,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### PLAINTIFF'S CONSOLIDATED DISCOVERY
### REQUESTS TO DEFENDANT JESSE RUIZ, JR.

---

COME NOW Plaintiffs, BRENDA BARRON and JENNIFER LOGE, and hereby serve the following First Request for Admissions, First Interrogatories and First Request for Production to Defendant JESSE RUIZ, JR., to be answered in accordance with the *Alabama Rules of Civil Procedure*:

### DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories and Requests for Production:

1.      "You" or "Your" as used herein shall mean this Defendant; the Defendant's representatives; and all persons acting on behalf of this Defendant.

2.      "Document(s)" and "record(s)" as used herein are used in the broadest possible sense and shall include any written, printed, recorded, graphic, electronic, and computerized matter or sound reproductions, however produced or reproduced, of any kind, including, but not limited to, the original or any copy of correspondence, letters, interoffice memoranda, interoffice directives, telephone conference memoranda, records memoranda, data, notes, printouts, communications, messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access

to and/or which are in the possession, care, custody, or control of the responding party or entity. This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of, electronic or other computerized data. Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

4.    "Person," as used herein, means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

5.    Requests to "identify a person," or equivalent language, means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

6.    Requests to "identify a document" or equivalent language means to state with respect thereto:

      a)    The identity of the person who prepared it;

      b)    The identity of the person who signed it or over whose signature or direction it was issued;

      c)    The identity of each person to whom it was addressed or distributed;

      d)    The nature or substance of the document with sufficient particularity to enable it to be identified;

      e)    Its date and, if it bears no date, the date when it was prepared; and

      f)    The physical location of it and the names of its custodian or custodians.

7.    "Relate to", "relating to", "pertain to", "pertaining to", "regarding" or "evidence" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing, or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

8.    "Or" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## INSTRUCTIONS

These interrogatories shall be deemed continuing so as to require supplemental responses upon receipt of additional information by you or your attorney subsequent to your original response. Any such supplemental responses are to be filed and served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information.

With respect to documents and things produced in response to the request for production set forth herein, said items should be organized and labeled to correspond with the categories in the requests. If you possess no documents responsive to a paragraph of a request, please state this fact and specify the paragraph concerned in your response. If you object to producing any document in your possession, custody, or control based upon any claim of privilege or immunity, please specifically state the following (i.e., create and provide a privilege log identifying the following information):

    a) The precise privilege or immunity claimed and the factual and/or legal basis for asserting the privilege as to each such document or category of documents;

    b) The date of the document(s) creation or receipt, its type/format (e.g., correspondence, memorandum, email, etc.), and the name of each author, sender, addressee and/or recipient;

    c) A description of the content of the document(s) to sufficiently enable the Court to rule on the propriety of the privilege or immunity you are asserting;

    d) The location of the document(s); and

    e) The custodian of the document(s).

### FIRST REQUEST FOR ADMISSIONS

***Please admit or deny the truthfulness of the following statements***:

1. At the time of the incident, you were texting.

2. At the time of the incident, you were using a cell phone.

3. At the time of the incident, you failed to keep a proper lookout.

4. At the time of the incident, you were not paying attention.

5. The incident was your fault.

6. Plaintiffs did nothing to cause or contribute to the incident.

7. There was nothing that Plaintiffs could have done to avoid the incident.

### INTERROGATORIES

1. Please state your full name; your birth date and place of birth; your Social Security number; and your residence address.

DOCUMENT 3

2.      With regard to any cellular telephones, two-way radios, push-to-talk devices, or other similar communication devices that you owned, used, and/or were assigned at or around June 7, 2021, when the collision made the basis of this case occurred, please provide the full phone number and/or radio number for each such device and the service provider(s) for the same.

3.      Have you ever been charged with, convicted of, or pled guilty to a felony or misdemeanor? If so, please identify the same by stating the charge, the State and county of filing, the year the charge, conviction or plea was filed or entered, the case number assigned, and the sentence or fine received.

4.      Have you ever been charged with, convicted of, or pled guilty to a DUI?  If so, please identify the same by stating the charge, the State and county of filing, the year the charge, conviction or plea was filed or entered, the case number assigned, and the sentence or fine received.

5.      Please describe your employment history, if any, for the 5 years prior to the crash. "Employment history" means the name and address of each employer, the dates of your employment or service, your position and duties, and the reason for terminating each employment.

6.      Please state the name, address, and telephone number of every person whom you or someone on your behalf has interviewed and/or taken a statement from regarding the collision made the basis of this case, along with the date of each interview or statement, the identity of the person(s) conducting each interview or taking each statement, and whether the interview or statement was recorded or transcribed.

7.      Please state the name, address, and telephone number of every person to whom you or someone on your behalf has provided an interview and/or made a statement regarding the collision made the basis of this case, along with the date of each interview or statement, the identity of the person(s) conducting each interview or taking each statement, and whether each interview or statement was recorded or transcribed.

8.      Please state whether or not you expect to call any expert witnesses in the defense of this case and, if so, please state the name and address of each such expert witness, the qualifications of each such expert witness, the opinions expected to be elicited from each such expert witness, and the facts upon which each expert witness will reply in forming his or her opinions.

9.      Do you or anyone acting on your behalf know of any photographs, films, or videotapes depicting any place, object, or individual involved in the collision made the basis of this case that are not in your possession? If so, please provide the date the photograph(s), film(s), or videotape(s) were taken, a brief description of the places, objects, or persons photographed, filmed, or videotaped, and the identity of the person(s) who took or created the photograph(s), film(s), or videotape(s).

10.      Please provide the name, address, telephone number, employer, and employment title of any and all persons who performed any investigation into the collision made the basis of this case.

4

DOCUMENT 3

11.     Please provide the name, address, telephone number, employer, and employment title of any and all persons who performed any inspections of the incident scene, and/or motor vehicles involved in the collision made the basis of this case and the date of each such inspection.

12.     Regarding the owner of the vehicle you were driving at the time of the collision, please state said person's name, address, employer, and said person's relationship to you (whether business, personal, or otherwise).

13.     Please describe in full and complete detail the trip that you were on during the afternoon hours of June 7, 2021 when the incident made the basis of this case took place, including in your response where the trip originated, your intended destination, and any and all stops made along the way prior to the collision.

14.     Were you in any other collisions involving a motor vehicle in the five (5) years preceding the date of the collision made the basis of this suit? If your answer is yes, state the date and location of each such collision and whether you were a driver or passenger in the collision.

15.     For each driver's license you possessed at the time of the incident made the basis of this action, please state the license number; state of issuance; the specific endorsements on each license; and any and all restrictions on each.

16.     If you have ever had a driver's license suspended, canceled, or revoked, list the state taking such action, the date such action was taken, and the reason such action was taken.

17.     If you have ever received a ticket for a traffic violation, for each such violation, please list the state in which such ticket was received, the date of the ticket, the type of violation cited, and the penalty imposed.

18.     In the twenty-four-hour period prior to the incident made the basis of this lawsuit, had you consumed any alcohol? If yes, state when, where and how much was consumed.

19.     In the twenty-four-hour period prior to the incident made the basis of this lawsuit, had you used any legal or illegal substances? If yes, state the name of the substance, when it was used and how much was used.

20.     In the twenty-four-hour period prior to the incident made the basis of this lawsuit, had you used any medications, either prescribed or over the counter? If yes, please state the name of the medication, when it was taken and how much was taken.

21.     Please describe with particularity and in detail everything you did in the twenty-four-hour period preceding the June 7, 2021 collision made the basis of this case.

22.     State everything you did on the date of the incident from the moment of impact until you left the scene of the collision.

5

DOCUMENT 3

23.     State in detail in your own words how the collision made the basis of this action occurred.

24.     Did you seek or receive any medical treatment as a result of this incident?  If so, please describe the injuries for which you sought or received medical care.

25.     State whether or not you were either using a cell phone, two-way radio, push-to-talk device, or other similar communication device immediately before, during, or after the collision made the basis of this case.  If your answer is in the affirmative, please identify the type of device used, the method of communication (i.e., verbal conversation, text message, etc.), and the identity of the person(s) with whom you were communicating.

26.     List the name, job title, and present address for every person to whom you provided a verbal or written statement, interview, description, or account in any way related to or regarding the June 7, 2021 crash made the basis of this case.  Be sure to include the date of each such statement; the purpose of each such statement; whether the statement was verbal or written; and the custodian of each such statement.

27.     If you are aware of any eyewitnesses to the incident, please state for each such witness his/her name and address, and the nature of each and every conversation you or someone acting on your behalf has ever had with each such witness.

28.     Have you ever been named as a party in a lawsuit?  If so, for each such lawsuit, please state the court, the date such action was commenced, and the style of said lawsuit.

29.     Do you understand that your answers to these interrogatories are made under oath?

## REQUESTS FOR PRODUCTION

1.     Please produce a copy of each and every document in this Defendant's possession which evidences the ownership of the motor vehicle you were operating at the time of the collision made the basis of this lawsuit.

2.     Please produce a copy of each and every license this Defendant possesses for operation of a motor vehicle.

3.     Please produce a copy of each and every policy of insurance that might afford this Defendant any coverage with regard to the collision made the basis of this lawsuit.

4.     Please produce copies of your cell phone bill(s) for the month of June 2021.  This request applies to each cell phone you owned or were provided at the time of the collision made the basis of this lawsuit.

5.     Please produce any and all photographs, films, or videotapes made by you or by someone acting on your behalf in any way related to the collision made the basis of this case.

6

DOCUMENT 3

6.    Please produce any and all documents referencing or evidencing the purpose of your trip at the time of the collision made the basis of this case.

7.    Please provide full and complete copies of all written, recorded, and/or transcribed statements made, or interviews provided by this Defendant concerning the collision made the basis of this case.

8.    Produce true, correct, and complete copies of any and all reports of any expert(s) retained by you and/or that you expect to call at the trial of this matter.

9.    Produce true, correct, and complete copies of all statements made by anyone who has any knowledge whatsoever regarding the facts and circumstances surrounding the incident made the basis of this action, including the name of the individual and his/her last known address.

10.    Produce true, correct, and complete copies of any and all documents related to any investigation and/or inspection of the incident made the basis of this litigation.

11.    Produce any and all photographs (color photographs where available) taken which relate in any way to the collision made the basis of this case.

12.    Please produce copies of any and all documents consulted, described, referenced, or otherwise used by you in any manner in formulating your responses to Plaintiffs' First Interrogatories, above.

## JURY DEMAND

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY
ON ALL ISSUES IN THIS CAUSE.**

Respectfully submitted,

/s/ John Paul Bruno
John Paul Bruno (BRU036)
Attorney for Plaintiffs

**OF COUNSEL:**
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 3rd Avenue North, Suite 102
Birmingham, AL  35203
Telephone: (659) 204-6361
Facsimile: (659) 204-6386
Email: jbruno@forthepeople.com

7

DOCUMENT 3

Plaintiffs' Address:
c/o **Morgan & Morgan Birmingham, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
Telephone: (659) 204-6361
Facsimile: (659) 204-6386
Email: jbruno@fothepeople.com

<u>**PLEASE SERVE THE FOLLOWING BY CERTIFIED MAIL, RESTRICTED**</u>
<u>**DELIVERY. ADULT SIGNATURE REQUIRED**</u>:

**Jesse Ruiz, Jr.**
**3401 North Mayberry Road, APT 1028**
**Mission, TX 78573**

**Second Morning Express, LLC**
**7824 North Moorefield Road**
**Mission, TX 78574**

8

ELECTRONICALLY FILED
6/14/2022 10:54 AM
01-CV-2022-901539.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | 01-CV-2022-901539.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BRENDA BARRON ET AL V. JESSE RUIZ JUNIOR ET AL

NOTICE TO: SECOND MORNING EXPRESS, LLC, 7824 NORTH MOOREFIELD RD, MISSION, TX 78574

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN PAUL BRUNO

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Avenue North, Suite 102, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                   *[Name(s)]*

| 05/26/2022 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☒ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

Jesse Ruiz of Second Morning Express in Hidalgo _____ County,

*(Name of Person Served)*                            *(Name of County)*

Texas
Alabama on  06/07/2022

*(Date)*

| Private Civil | Ruth Flynn | 516 West Vine Ave<br>McAllen TX 78501 |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | Ruth Flynn | 956-874-7107 |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

ELECTRONICALLY FILED
6/30/2022 4:32 PM
01-CV-2022-901539.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

01-CV-2022-901539.00

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BRENDA BARRON ET AL V. JESSE RUIZ JUNIOR ET AL

**NOTICE TO:** JESSE RUIZ JUNIOR, 3401 NORTH MAYBERRY ROAD APT 1028, MISSION, TX 78573
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN PAUL BRUNO
_____ ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Avenue North, Suite 102, BIRMINGHAM, AL 35203
_____ .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                                        *[Name(s)]*

| 05/26/2022 | /s/ JACQUELINE ANDERSON  SMITH | By: |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.
_____
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☒ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

*Jesse Ruiz, Jr.*                                  in    *Hidalgo* _____ County,
*(Name of Person Served)*                                 *(Name of County)*

*Texas*
Alabama on   *06/07/2022* .
*(Date)*

*Private Civil*                      *Ruth Flynn*                            *516 West Vine*
*(Type of Process Server)*          *(Server's Signature)*                    *(Address of Server)*

                                     *Ruth Flynn*                            *Mc Allen, Tx 78501*
                                     *(Server's Printed Name)*                *956- 874-7107*
                                                                              *(Phone Number of Server)*